IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DANIEL CASANOVA AND TIFFANY SAUL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiff,* <br><br> V. <br><br> GOLD'S TEXAS HOLDINGS GROUP, INC., <br><br> *Defendant.* | § § § § § § § § § § § § § § | Civ. No. 3:13-cv-1161 <br><br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Daniel Casanova and Tiffany Saul, on behalf of themselves and all others similarly situated ("Plaintiffs"), file this Original Complaint against Defendant Gold's Texas Holdings Group, Inc. (collectively, "Gold's Gym"), and would show as follows:

### I.   PRELIMINARY STATEMENT

1. This lawsuit seeks damages against Gold's Gym for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq*.). Specifically, Plaintiffs allege that Gold's Gym misclassifies personal trainers as exempt from the FLSA, and fails to pay them time and one-half of their regular rate for all hours worked over forty in a workweek. Plaintiffs seek to recover unpaid wages, unpaid overtime wages, statutory liquidated damages, and attorneys' fees. Moreover, Plaintiffs seek to certify this matter as a collective action under the FLSA.

### II.   PARTIES

2. Plaintiff Daniel Casanova is a former personal trainer for Gold's Gym in San Antonio, Texas.

1

3. Tiffany Saul is a former personal trainer for Gold's Gym in Corpus Christi, Texas.

4. Defendant Gold's Texas Holdings Group, Inc. is a corporation organized under the laws of Texas, and may be served through its agent for service of process, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.  JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

6. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### V.  FACTUAL ALLEGATIONS

7. At all times hereinafter mentioned, Defendant has been an employer and enterprise engaged in commerce within the meaning of the FLSA. Defendant has employees engaged in interstate commerce. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§ 206-207.

8. Defendant owns and operates approximately forty-one health and fitness facilities in Texas. Plaintiffs are former personal trainers for Gold's Gym. As personal trainers, Plaintiffs provided personal training services to Gold's Gym's customers. As personal trainers, Plaintiffs

did not: (a) manage an enterprise or a recognized department or subdivision of Gold's Gym; (b) direct the work of two or more employees; (c) have the authority to hire or fire other employees, nor were their suggestions and recommendations concerning hiring, firing, advancement, promotion or any other change of status of other employees given particular weight; (d) perform office or non-manual work directly related to the management or general business operations of Gold's Gym or Gold's Gym's customers; (e) exercise discretion or independent judgment with respect to matters of significance; or (f) customarily or regularly engage away from Gold's Gym's place or places of business in performing their primary duty.

9. Moreover, more than half of Plaintiffs' and other personal trainers' compensation did not represent commissions on goods or services. Rather, Gold's Gym paid Plaintiffs and other personal trainers a piece rate for each unit of personal training provided. Consequently, there is a direct correction between the number of hours Plaintiffs and other personal trainers worked and the amount they were compensated, which disqualifies this piece rate from being a commission. *See Yi v. Sterling Collision Ctrs., Inc.*, 480 F.3d 505, 509 (7th Cir. 2007) ("That is how commissions worked; they are decoupled from actual time worked.").

10. Based on their duties, responsibilities, and compensation, Gold's Gym's personal trainers are clearly not exempt from the requirements of the FLSA. Nevertheless, Gold's Gym misclassifies its personal trainers as exempt from the FLSA. Plaintiffs routinely worked in excess of forty hours in a workweek, but did not receive overtime compensation. Notably, Plaintiff Casanova complained to Gold's Gym about not receiving overtime, and Gold's Gym misinformed him that he was exempt under 29 U.S.C. § 207(i), which only applies to certain commissioned employees. Because Plaintiffs and other personal trainers did not receive more

than half their compensation from a bona fide commission plan, they are not exempt under § 207(i).

11. Moreover, Gold's Gym does not compensate Plaintiffs and other personal trainers for all hours worked. Rather, Gold's Gym requires Plaintiffs and other personal trainers to perform certain duties and tasks, but does not permit them to record this time.

12. Defendant's acts violate the FLSA, which prohibits the denial of payment of minimum wage for all hours worked and prohibits the denial of overtime compensation for hours worked in excess of forty per workweek. As described above, Defendant willfully violated Plaintiffs' right to overtime compensation guaranteed under the FLSA.

## V. CAUSES OF ACTION

### FLSA

13. The preceding paragraphs are incorporated herein for all purposes.

14. Defendant Gold's Gym violated the FLSA by failing to pay personal trainers for all hours worked, and time and one-half of their regular rate of pay for all hours worked over forty in a workweek.

15. Defendant acted willfully in failing to pay Plaintiffs in accordance with the FLSA. Plaintiffs are therefore entitled to back pay equal to the amount of unpaid wages and unpaid overtime for the past 36 months and an additional equal amount as liquidated damages under § 216 of the FLSA, plus attorneys' fees, post-judgment interest, and all costs of court.

16. Pursuant to Section 16(b) of the FLSA, Plaintiffs bring this Complaint as a collective action, on behalf of themselves and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiffs' counsel, such persons making claims under the FLSA for the three years preceding the

filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

17. Defendant Gold's Gym has a common policy or scheme of misclassifying personal trainers as exempt from the FLSA, failing to pay them for all hours worked, and failing to pay them for overtime for all hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former personal trainers employed by Defendant Gold's Gym at any time during the three years preceding the filing of this action. Plaintiffs are informed and believe, and based thereon, allege that there are hundreds of putative FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of Defendant Gold's Gym's records through appropriate discovery, and Plaintiffs propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## FLSA – RECORDKEEPING VIOLATIONS

18. The preceding paragraphs are incorporated herein for all purposes.

19. Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and other personal trainers, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

## PRAYER

20. Plaintiffs pray for judgment against Defendant as follows:

(a) actual and liquidated damages for unpaid overtime wages the under the Fair Labor Standards Acts;

(b) liquidated damages as provided by the Fair Labor Standards Act;

(c) reasonable attorney's fees under the Fair Labor Standard Act;

(d) pre-judgment and post-judgment interest as provided by law;

(e) all costs of court;

(f) certification of this matter as a collective action; and

(g) any other relief to which Plaintiffs are entitled.

Respectfully submitted,

/s/ Lawrence Morales II_____
Lawrence Morales II
State Bar No. 24051077
**THE MORALES FIRM, P.C.**
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com

***ATTORNEY FOR PLAINTIFFS***