UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL CASANOVA and TIFFANY SAUL, on behalf of themselves and all others similarly situated, | § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | No. SA:13-CV-1161-DAE |
| vs. | § | |
| | § | |
| GOLD'S TEXAS HOLDINGS GROUP, INC., | § § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL
CERTIFICATION UNDER THE FLSA

On November 5, 2014, the Court heard argument on Plaintiffs'

Motion for Conditional Certification as a Collective Action (Dkt. # 12).  Lawrence

Morales, Esq., represented Plaintiffs, and Carrie Hoffman, Esq., appeared on

behalf of Defendant.  After careful consideration of the arguments at the hearing,

and in the supporting and opposing memoranda, the Court GRANTS  Plaintiffs'

Motion for Conditional Certification (Dkt. # 12).

BACKGROUND

Daniel Casanova and Tiffany Saul (collectively, "Plaintiffs") filed suit

on behalf of themselves and all others similarly situated on December 22, 2013.

(Dkt. # 1.)  Plaintiffs were personal trainers employed by Gold's Texas Holdings

1

Group, Inc. ("Gold's Gym" or "Defendants").  (Id.)  In their complaint, Plaintiffs

alleged that Gold's Gym violated the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 et seq., by improperly classifying them and other personal trainers as

exempt from the FLSA and not paying them time and one half for hours worked in

excess of forty hours per week.  (Id. ¶ 1.)

According to Plaintiffs, Defendant operates forty-one gyms

throughout Texas and employs personal trainers.  (Id. ¶ 8.)  Plaintiffs assert that

they each routinely worked more than forty hours per week, but Defendant did not

provide them overtime compensation.   (Id. ¶1.)

Plaintiffs filed a motion requesting conditional certification of a

collective action composed of individuals who "are not or were not paid overtime

hours for hours worked over forty during a workweek during the three years

preceding the filing of this action, as they are all owed damages based on Gold's

Gym's violations of the FLSA."  (Dkt. # 12 at 2.)

## LEGAL STANDARD

Under the FLSA, an employee may "bring a private cause of action on

their own behalf and on behalf of 'other employees similarly situated' for specified

violations of the FLSA."  Genesis Healthcare Corp. v. Symczk, 133 S.Ct. 1523,

1527 (2013).

"Under the FLSA . . . 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action.  The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court."  Id. (internal citations omitted).

Although the Fifth Circuit has "expressly refused to endorse a singular method" for determining whether a collective action should be certified under 29 U.S.C. § 216(b), the common approach among the district courts is to apply the formula outlined in Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987).  Conerly v. Marshall Durbin Co., No. 2:06-cv-205KS-MTP, 2007 WL 3326836, at *8 (S.D. Miss. Nov. 6, 2007); Barnett v. Countrywide Credit Indus., Inc., 2002 WL 1023161, at *1 (N.D. Tex. 2002).  The Lusardi approach details two stages: "(1) the notice stage, and (2) the 'opt-in', 'merits,' or decertification stage."  Barnett, 2002 WL 1023161, at *1.

I.   Notice Stage

"In the notice stage, the court makes a decision, based on the pleadings and affidavits, on whether notice of the action should be given to putative class members.  This decision typically results in 'conditional certification' of a representative class."  Allen v. McWane, Inc., No. 2:06-CV-158(TJ), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006).  The plaintiff bears

the burden at the notice stage and "the plaintiff must provide competent evidence to show that a similarly situated group of potential plaintiffs exists. "At the notice stage, 'the [similarly situated] standard requires nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan." Gallender v. Empire Fire and Marine Ins. Co., No. 5:05-cv-220-DCB-JMP, 2007 WL 325792, at *1 (S.D. Miss. Jan. 31, 2007) (quoting Allen, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006)).  "Specifically, the first-stage test requires a minimal showing by the plaintiff that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." Walker v. Honghua Am., LLC, 870 F. Supp. 2d 462, 465–66 (S.D. Tex. 2012) (internal citations and quotation marks omitted).  "As the court's decision is usually based only on the pleadings and affidavits, the standard is lenient and typically results in conditional certification." Id.  During the notice stage, "courts do not review the underlying merits of the action in determining whether to conditionally certify." Id.  However, conditional certification is not automatic. Conerly, 2007 WL 3326836, at *8.  "If the plaintiffs cannot show that the . . . 'putative class members were together the victims of a single decision, policy, or plan' that violates the FLSA, the court should not conditionally certify the class."

4

Id. at 11 (citing Mooney v. Aramco Servs., 54 F.3d 1207, 1214, n.8 (5th Cir. 1995)) (emphasis omitted).

"If the Court finds the potential plaintiffs to be similarly situated, the Court should conditionally certify the class, provide notice to potential class members, allow time for the putative class members to opt-in, and allow adequate time for discovery." Gallender, 2007 WL 325792, at *1.

## II.   Merits Stage

If a court conditionally certifies a class, then discovery will commence as if the case is a collective action.  A defendant can then move to decertify the class during the merits stage, and the court will then decide "whether the employees are similarly situated; if it so finds, the collective action may proceed.  Alternatively, if the court finds that the employees are not similarly situated, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed with their individual claims." Walker, 870 F. Supp. 2d at 466.

## DISCUSSION

## I.   Reasonable Basis for Plaintiff's Assertions

Plaintiffs assert that Gold's Gym improperly classified them as exempt from the FLSA.  (Dkt. # 1.)  Plaintiffs argue that they are not exempt under 29 U.S.C. 207(i), which states, in relevant part,

> No employer shall be deemed to have violated [the FLSA] by employing any employee of a retail or service establishment for a

5

workweek in excess of [forty-hours], if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him . . . and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.  In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

Plaintiffs argue that Defendant's policy of classifying personal trainers as exempt under 207(i) is illegal because the commissions that personal trainers earn are not true commissions, as contemplated by the FLSA.  (Dkt. # 1 ¶ 9.)  Plaintiffs argue that their commissions are distinguishable from those covered by the 207(i) exemption because their commissions are tied to the number of hours they work.  Finally, Plaintiffs argue that other aggrieved individuals exist because all Gold's Gym personal trainers were designated as exempt from the FLSA.  (Dkt. # 12 at 8.)

In response, Defendant argues that the Court should find there is no reasonable basis for Plaintiff's claims because, as a matter of law,  their pay policy is legal.  Defendant argues that personal trainers are exempt from the FLSA because of their commissions, and therefore their policy is not illegal .  (Dkt. # 15 at 1.)  In support, Defendant asserts that more than fifty percent of all of its personal trainers' compensation is "a commission that is equal to or greater than 1.5 times the minimum wage for all hours worked."  (Id.)  Defendant further

contends that its payment policies comply with the FLSA, and therefore there is no reasonable basis for crediting the assertions that aggrieved individuals exist. (Id.) However, Defendant does not provide any evidence to refute Plaintiffs' assertion that the commissions personal trainers earn are not true commissions under the FLSA.

The Court declines at this point to determine whether personal trainers are exempt as a matter of law because this determination is a fact specific inquiry, and at this stage of the proceedings, it would be inappropriate to rule on the merits.[1]  Further, the current record before the Court leaves open the question of the legality of Defendant's pay policies.  Plaintiff has not established that Defendant's policy is illegal; however, Plaintiff has presented evidence to a create an issue of whether Defendant's policy is legal.  Therefore, the Court cannot find at this stage that Defendant's pay policy is legal and Plaintiffs' claims are groundless.

Similarly, Defendant argues that there will need to be a determination of whether each particular employee was injured by the allegedly improper policy which precludes certification as a collective action.  The Court disagrees.  To

---

[1]Even Defendant recognizes this.  One page after arguing that the Court should rule as a matter of law regarding whether personal trainers are exempt, Defendant argues that collective certification is inappropriate because "to determine the applicability of the 7(i) exemption, the Court must embark on a highly fact specific, individualized, ad hoc inquiry into each putative class member's amount of commissions and number of hours worked . . . ."  (Dkt. # 15 at 2.)

certify a collective action at the notice stage, the inquiry is whether there are
similarly situated individuals who were injured by the allegedly improper policy.
The fact that not every individual who was employed by Defendant would qualify
as a member of the collective action does not destroy the collective claims of those
who do qualify.

      Second, the Court finds that there is a reasonable basis for Plaintiff's
claims that the commissions earned are not true commissions that would exempt
them from the FLSA requirements.  Yi v. Sterling Collision Centers, Inc., 480 F.3d
505, 509 (7th Cir. 2007) ("That is how commissions work; they are decoupled
from actual time worked.").  Yi explains that "[t]he essence of a commission is that
it bases compensation on sales, for example a percentage of the sales price, as
when a real estate broker receives as his compensation a percentage of the price at
which the property he brokers is sold."  Id. at 508.  The Seventh Circuit further
opined that when an individual is being compensated on commission basis,
"[a]lthough his income is likely to be influenced by the number of hours a week
that he works, the relation is unlikely to be a regular one."  Id.  The Court
acknowledges that  Yi is not binding Fifth Circuit precedent; however, it does
evidence a legal basis for Plaintiffs' claims.

Therefore, the Court finds that Plaintiffs have met the low burden at the notice stage of demonstrating that there is a reasonable basis for crediting their claims that aggrieved individuals exist.

II.      Similarly Situated Individuals

Plaintiffs next argue that the aggrieved individuals are all similarly situated.  (Dkt. # 12 at 9.)  Plaintiffs acknowledge that there are multiple designations of personal trainers, based on experience levels, but argue that they are all similarly situated because they all performed similar job functions and were compensated under the identical policy.  In response, Defendant argues that the employees are not similarly situated because "individual inquiries predominate." (Dkt. # 12 at 7.)

Plaintiffs have shown that all personal trainers covered by the proposed class were compensated under a hybrid-compensation scheme that was made up of both an hourly rate and 'commissions'(Dkt. # 12-13) and were subject to the same "Personal Trainer Code of Conduct" (Dkt. # 12-2).  The Personal Trainer Code of Conduct provides that the personal trainers were expected to perform substantially similar job functions including, conducting training sessions, participating in orientations for new clients, and spending time working on the floor in a general capacity.  (Dkt. # 12-2.)  These allegations are sufficient to allege that the putative class members were subject to a uniform policy.

The cases Defendant cites in support are distinguishable from the situation here.  First, <u>Johnson v. TGF Precision Haircutters, Inc.</u>, No. , 2005 WL 1994286 (S.D. Tex. 2005) involves the court's determination of whether the individuals are similarly situated <u>at the merits stage</u>.  As discussed above, Plaintiff is faced with a much heavier burden at the merits stage, and the court makes this determination based on information obtained in discovery.  Therefore, this case does not bolster Defendant's argument.

Second, Defendants rely on <u>Nieddu v. Lifetime Fitness, Inc.</u>, 977 F. Supp. 2d 686 (S.D. Tex. 2013).  However, in <u>Nieddu</u>, the Court found that the plaintiff failed both to show that "he and putative class members are similarly situated or 'the victims of a single decision, policy, or plan' to warrant conditional certification of his proposed class."  <u>Id.</u> at 705.  The Court recognized that the putative class members in <u>Nieddu</u> were not covered by a single plan that resulted in their harm.  <u>Id.</u> at 706.  In contrast, here, Plaintiffs have asserted that all personal trainers at Gold's Gym were covered under a single policy outlining their compensation scheme and code of conduct.  (<u>See</u> Dkt. ## 12-2, 12-3.)

At the hearing, Defendants argued that because some discovery has taken place in this case, the claims should be subject to an "intermediate" standard of scrutiny at this stage.  <u>See</u> <u>Blake v. Hewlett-Packard Co.</u>, No. 4:11–CV–592, 2013 WL 3753965, at *4 (S.D. Tex. July 11, 2013).

Courts have not reached a consensus on what is required under this standard, but agree that it is more than the standard burden at the notice stage.  See e.g., Harris v. Fee Transp. Servs., Inc., No. 3:05–CV–0077–P, 2006 WL 1994586, at *3 (N.D.Tex. May 15, 2006).  However, even under an intermediate standard, the goal of the inquiry is to evaluate whether "hearing the cases together promotes judicial efficiency."  McKnight v. D. Houston, Inc., 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010).  Here, the Personal Trainer Code of Conduct clearly evidences that the personal trainers here were similarly situated, and Plaintiffs' claims survive even an intermediate standard of review.

Therefore, Plaintiffs have met their burden of demonstrating that the other potentially aggrieved individuals would be similarly situated.

III.   Collective Action Members will Want to Opt In

The final hurdle that Plaintiffs must overcome before obtaining conditional certification is showing that there are others who will likely desire to opt in.  Three pieces of evidence from the record support this showing.  First, the two named plaintiffs each sought to join this lawsuit.  (Dkt. # 12 at 10.)  Second, Rebecca Copeland, the Senior Vice President of Human Resources at Gold's Gym states in her deposition that "less than 10 percent of our trainers work full-time." (Dkt. # 12-1 at 69.)  Copeland testified there were approximately three hundred personal trainers in Texas, implying that there may be up to thirty potential opt-in

plaintiffs that are currently employed.  (See Dkt. # 12-1 at 17.)  Because that

number does not take into account previously employed personal trainers over the

last three years who may no longer be employed by Defendant, there are likely

additional individuals who would qualify as class members.

Finally, one of the named Plaintiffs filed a declaration stating that he

strongly suspects other personal trainers would be interested in joining.  (Dkt.

# 12-4.)

Because Plaintiffs have shown that there likely are others who seek to

opt-in to this litigation, Plaintiffs have met the necessary showing at the notice

stage.  The Court finds that Plaintiffs have fulfilled the three requirements for

collective action certification and notice should issue.

IV.   Proposed Notice

Defendant argues that Plaintiffs' proposed notice is inappropriate, and

seeks in the event that the Court finds conditional certification appropriate, for an

order directing the parties to confer regarding the content of the notice.  Because

the Court has found that conditional certification is appropriate, the Court

**ORDERS** the parties to confer and submit a draft of the proposed notice by

**December 1, 2014**, for this Court's approval.

CONCLUSION

For the reasons states above, the Court **GRANTS** Plaintiffs' Motion for Conditional Certification (Dkt. # 12) and **ORDERS** the parties to confer and submit by **December 5, 2014**, a proposed notice to be sent to potential members of the collective action.

IT IS SO ORDERED.

DATED:  November 19, 2014, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge

13