UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DANIEL CASANOVA and TIFFANY SAUL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLD'S TEXAS HOLDINGS GROUP, INC.,<br><br>Defendant. | § § § § § § § § § § § § § § §   No. 5:13−CV−1161−DAE |

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY AN
<u>INTERLOCUTORY APPEAL</u>

Before the Court is a Motion to Certify an Interlocutory Appeal of the Court's March 23, 2016 Order and to Stay Pending Resolution of Appeal (Dkt. # 73) filed by Gold's Texas Holdings Group, Inc. ("Defendant" or "Gold's Gym"). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the motion and memoranda filed in support and in opposition, the Court, for the reasons that follow, **DENIES** Defendant's Motion to Certify an Interlocutory Appeal.

1

## BACKGROUND

Daniel Casanova and Tiffany Saul, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), filed this lawsuit alleging Defendant violated the Fair Labor Standards Act ("FLSA") by not paying them time and a half for overtime. On March 23, 2016, the Court issued an Order granting Plaintiffs' motion for partial summary judgment and denying Defendant's motion for summary judgment. (Dkt. # 72.) In that Order, the Court determined as a matter of law that Defendant's method of compensation for Plaintiffs did not constitute a bona fide commission. As a result, Defendant could not rely upon 29 U.S.C. § 207(i), a statutory exception that exempted retail establishments from having to pay overtime to employees who were compensated by a bona fide commission.

On March 31, 2016, Defendant filed the instant motion seeking a certification for interlocutory appeal. (Dkt. # 73.) On April 5, 2016, Plaintiffs filed a response. (Dkt. # 75.)

## LEGAL STANDARD

A district court may certify an interlocutory appeal from an order if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination

of the litigation." 28 U.S.C. § 1292(b). "Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." Mae v. Hurst, 613 Fed. App'x 314, 318 (5th Cir. 2015) (quoting Allen v. Okam Holdings, Inc., 116 F.3d 153, 154 (5th Cir. 1997)). The decision to permit such an appeal is within the district court's sound discretion. See Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 47 (1995).

## DISCUSSION

I. Controlling Question of Law

"[A] question of law is 'controlling' within the meaning of Section 1292(b) only if [the] resolution of that issue could have an immediate impact on the course of the litigation." Oasis Research, LLC v. EMC Corp., Nos. 4:10-CV-435, 4:12-CV-526, 2015 WL 5318119, at * 4 (E.D. Tex. Sept. 11, 2015) (internal citation omitted); Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) ("[C]ourts have found the issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation.")

Here, Defendant asks the Court to certify for interlocutory appeal the question whether "personal trainers [are] paid a bona fide commission if they earn a percentage of the price of each training session charged to the customer for every training session they service." (Dkt. # 73 at 1.) While this is a question of pure

law, it is not controlling because the resolution of whether the compensation scheme is a bona fide commission would not have an immediate impact on the course of the litigation.  This is so because the determination of whether Gold's Gym's compensation system is a bona fide commission is only one of many necessary elements for it to invoke the overtime pay exemption found at 29 U.S.C. § 207(i).  Consider the statute: this exception exempts an employer from paying overtime to an employee if:

> (1) The employer is a retail or service establishment; and
>
> (2) The regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him; and
>
> (3) More than half of his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i).  The statute further provides "all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services."  Id.

      Even if the Fifth Circuit were to hold that that the compensation scheme at issue was a bona fide commission, that holding would not automatically allow Defendant to invoke the § 207(i) exemption as a defense.  Instead, such a holding would only make it possible that the § 207(i) exemption might be applicable.  Defendant would still need to prove that "the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate

applicable to him," and that "more than half of [an employee's] compensation for a representative period (not less than one month) represents commissions on goods or services." See id. In other words, to invoke the exemption, Defendant would still need to prove the applicability of the § 207(i) exemption for each class member over each relevant pay period, by individualized or common proof, even if the Fifth Circuit ruled in its favor. Indeed, most federal courts recognize that the § 207(i) is a highly individualized defense. See Johnson v. TGF Precision Haircutters, Inc., No. Civ.A. H-03-3641, 2005 WL 1994286, at *6 (S.D. Tex. Aug. 17, 2005) (noting that § 207(i) "is in fact a highly individualized defense because its application requires week-by-week and other periodic calculations"); Beauperthuy v. 24 Hour Fitness USA, Inc., 772 F. Supp. 2d 1111, 1126 (N.D. Cal. 2011) (finding that the § 207(i) is a highly individualized defense because "[t]he FLSA takes a single workweek as its standard in determining the applicability of the [207(i)] exemption"); Falcon v. Starbucks Corp., 580 F. Supp. 2d 528, 540 (S.D. Tex. 2008) (allowing an FLSA lawsuit to proceed as a collective action despite the existence of individualized defenses); Gordon v. TBC Retail Group, Inc., No. 2:14-CV-03365-DCN, 2015 WL 5770521, at *7 (D. S.C. Sept. 30, 2015) ("[I]t may be that the central issue is . . . whether . . . the actual application of the § [20]7(i) commission exception to particular individuals violated the FLSA.").

Accordingly, the question presented for interlocutory certification is not controlling because a Fifth Circuit holding in favor of Defendant's position would not have an immediate impact on, or result in the ultimate termination of, this litigation.

II.     Substantial Ground for Difference

"Degrees of legal doubt escape precise quantification." Flowserve Corp., 444 F. Supp. 2d at 723 (internal citation omitted). However, courts have found substantial ground for difference of opinion where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

Id. at 723–24 (quoting 4 Am. Jur. 2d Appellate Review § 128 (2005)). However, simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." Id. at 724 (quoting Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001)).

This Court's Order addressed a question of first impression in the Fifth Circuit by construing rules and factors from a limited set of circuit opinions across the country. It cannot be argued that this Court's construed factors were in conflict with the rules established by the Third, Seventh, and Eleventh Circuits. To

6

the contrary, the Court construed factors nearly verbatim from these circuit opinions. While it may be argued that the circuits, including the Fifth Circuit, have not settled on a legal definition of a bona fide commission, it cannot be argued in good faith that the circuits are in dispute. For example, both the Third and Seventh Circuits have held that a hallmark characteristic of a bona fide commission is that it is decoupled from time. See Parker v. NurtiSystem, Inc., 620 F.3d 274, 284 (3d Cir. 2010); Yi v. Sterling Collission Ctrs, 480 F.3d 505, 509 (7th Cir. 2007). While the Fifth Circuit has not ruled on this particular exemption, it is not an independently sufficient basis to find a substantial ground for difference of opinion and to certify an interlocutory appeal. Nor is the fact that this Court was the first to rule on a bona fide commission in this circuit a sufficient ground to find a substantial ground for difference of opinion.

Defendant contends that "[t]here is a Department of Labor November 14, 2005 Opinion Letter which implies that a compensation structure similar to Gold's Gym would qualify under § 207(i)." (Dkt. # 73 at 5 (citing Dep't Labor Op. Ltr., 2005 WL 3308624 at *2 (Nov. 14, 2005)). An "implication" by a non-binding agency letter does not indicate to the Court that a "substantial" ground for difference of opinion exists on whether Defendant's compensation structure is a bona fide commission. See Flowserve, 444 F. Supp. 2d at 724 ("In the end, 'substantial' means just that−significantly great.")

Accordingly, the Court does not find that a substantial difference in opinion exists about whether Gold's Gym's compensation system is a bona fide commission.

III.   Materially Advance the Ultimate Termination of the Litigation

In evaluating this statutory requirement, "a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." Coates v. Brazoria Cnty Tex., 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (internal citation omitted).

As explained in subsection I of this order, an immediate appeal would not materially advance the ultimate termination of the litigation.  Even if the Fifth Circuit were to reverse this Court's Order and hold that Gold's Gym's compensation system was a bona fide commission, Defendant would still need to prove the other elements of the § 207(i) exemption for it to apply.  Such a holding would not eliminate the need for trial because the other elements of the § 207(i) exemption are questions of fact.  Accordingly, certification of interlocutory appeal would not materially advance the ultimate termination of this litigation.

CONCLUSION

For the aforementioned reasons, the Court **DENIES** Defendant's Motion to Certify an Interlocutory Appeal of the Court's March 23, 2016 Order. The Court **DENIES** all other relief herein requested.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, April 11, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE